Corinne Chandler – SBN 111423
  E-mail: cchandler@kantorlaw.net
Mitchell O. Hefter – SBN 291985
  E-mail: mhefter@kantorlaw.net
Glenn R. Kantor - SBN 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
MELINDA YARAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MELINDA YARAS, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| AETNA LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY PLAN, | |
| Defendants. | |

Plaintiff, Melinda Yaras, herein sets forth the allegations of her Complaint against Defendants Aetna Life Insurance Company ("Aetna") and Bank of America Long Term Disability Plan (the "LTD Plan").

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering

1  benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights
2  under the terms of an employee benefit plan, and to clarify Plaintiff's rights to
3  future benefits under the employee benefit plan named as a Defendant. Plaintiff
4  seeks relief, including but not limited to, payment of the correct amount of benefits
5  due her under the plan, pre-judgment and post-judgment interest, reinstatement to
6  the benefit plan at issue herein, and attorneys' fees and costs.

7  2. Plaintiff was at all times relevant, an employee of Bank of America
8  and was a resident of Los Angeles County and a citizen of the State of California.

9  3. Plaintiff is informed and believes that Defendant Aetna is a
10 corporation with its principal place of business in the State of Connecticut,
11 authorized to transact and transacting business in the Central District of California
12 and can be found in the Central District of California. Aetna is the insurer of
13 benefits under the LTD Plan, Policy Number GP-811383 (the "Policy"), and acted
14 in the capacity of the plan insurer and plan claims administrator. Aetna is doing
15 business in the Central District of California, in that it covers insureds working and
16 residing in the Central District. Aetna administered the claim, interpreted Policy
17 terms, and issued a claim denial, all while operating under a conflict of interest,
18 and the bias this created adversely affected the claims determination.

19 4. Plaintiff is informed and believes that Defendant LTD Plan is an
20 employee welfare benefit plan regulated by ERISA, established by Bank of
21 America Corporation, under which Plaintiff is and was a participant, and pursuant
22 to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to
23 the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for
24 the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as
25 required under the terms of the LTD Plan.

26 5. Plaintiff is informed and believes that the subject Policy was delivered
27 in the State of California.
28

6. Plaintiff is informed and believes that the subject Policy has an effective date of January 1, 2012 and a year-end date of December 31.

7. Defendants can be found in this judicial district and defendant administered the LTD Plan in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF AGAINST
DEFENDANTS AETNA LIFE INSURANCE COMPANY AND
BANK OF AMERICA LONG TERM DISABILITY PLAN
FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION
OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST,
AND ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))**

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by Bank of America Corporation and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Aetna, and Aetna was also the claims administrator and made all decisions to pay or deny benefit claims.

10. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, on or about July 17, 2015, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

11. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Aetna for LTD benefits under the LTD Plan. Aetna assigned Plaintiff LTD claim number 13170454. Aetna approved plaintiff's claim for disability benefits.

12. By letter dated July 13, 2017, Aetna terminated Plaintiff's LTD claim. Plaintiff submitted a timely appeal, but Aetna upheld its denial by letter dated March 21, 2018, exhausting Plaintiff's administrative remedies.

13. Defendants breached the LTD Plan and violated ERISA in the following respects:

 a. Failing to pay the full and proper amount of LTD benefits to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and, therefore, entitled to the disputed benefits. Even though Defendants had such knowledge, Aetna denied Plaintiff's LTD benefits;

 b. Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

 c. Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

 d. Concealing and withholding from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

 e. Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

14. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in

this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

17. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of Defendants has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate payment of all past due benefits and reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 28, 2018                KANTOR & KANTOR, LLP

                                              By:   /s/ Corinne Chandler
                                                     Corinne Chandler
                                                     Attorneys for Plaintiff,
                                                     MELINDA YARAS

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525